

**J. FINE LAW GROUP, PC.**                                    Attorneys for Plaintiff
BY: Jason E. Fine, Esquire; Attorney ID #: 82452
David M. Bercovitch, Esquire; Attorney ID#:315026
Eight Penn Center, 1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
Phone: (267) 888-2960; Fax: (267) 687-7018
Email: Jason@jfinelaw.com; david@jfinelaw.com

| | | |
|---|---|---|
| **EBONY WHITE** | : | COURT OF COMMON PLEAS |
| 12 N. Kossuth Street, | | PHILADELPHIA COUNTY |
| Baltimore, MD 21229 | | **MAY 2019** |
| Plaintiff, | : | MAY TERM, 2019 |
| v. | : | |
| | : | NO.   **009167** |
| **DALE HARSHBARGER** | : | |
| 4772 Petersburg Rd., | | MAJOR NON-JURY CASE |
| Petersburg, KY 41080 | : | ASSESSMENT OF DAMAGES |
| and | | HEARING IS REQUIRED |
| **VIRGINIA TRANSPORTATION** | : | |
| **CORPORATION** | | |
| 141 James P Murphy Hwy., | : | |
| W Warwick, RI 02893 | | |
| Defendants. | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone: (215) 238-1701**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**

**J. FINE LAW GROUP, PC.**                                        Attorneys for Plaintiff
BY: Jason E. Fine, Esquire; Attorney ID #: 82452
David M. Bercovitch, Esquire; Attorney ID#:315026
Eight Penn Center, 1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
Phone: (267) 888-2960; Fax: (267) 687-7018
Email: Jason@jfinelaw.com; david@jfinelaw.com

| | | |
|---|---|---|
| **EBONY WHITE** | : | COURT OF COMMON PLEAS |
| 12 N. Kossuth Street, | : | PHILADELPHIA COUNTY |
| Baltimore, MD 21229 | : | |
| Plaintiff, | : | MAY TERM, 2019 |
| v. | : | |
| | : | NO. 9167 |
| **DALE HARSHBARGER** | : | |
| 4772 Petersburg Rd., | : | MAJOR NON-JURY CASE |
| Petersburg, KY 41080 | : | ASSESSMENT OF DAMAGES |
| and | : | HEARING IS REQUIRED |
| **VIRGINIA TRANSPORTATION** | : | |
| **CORPORATION** | : | |
| 141 James P Murphy Hwy., | : | |
| W Warwick, RI 02893 | : | |
| Defendants. | : | |

## COMPLAINT
## PERSONAL INJURY – 2V (MOTOR VEHICLE ACCIDENT)

COMES NOW, Plaintiff, Ebony White, by and through his counsel, J. Fine Law Group,

PC, hereby file this Complaint against Defendants, and in support thereof avers as follows:

1.      Plaintiff, Ebony White, is an adult individual and citizen of the Commonwealth of

Pennsylvania residing at the above captioned address (hereinafter referred to as "Plaintiff").

2.      Upon information and belief defendant, Dale Harshbarger is an adult individual and

citizen of the State of Kentucky residing at the above captioned address (hereinafter referred to as

"Defendant Driver")

3.      Upon information and belief, Virginia Transportation Corporation is a business,

company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing

and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office

for the acceptance of service and/or a principal place of business at 141 James P Murphy Hwy., W Warwick, RI 02893 (hereinafter referred to as "**Defendant Owner**").

4.      The accident giving rise to the instant matter occurred in the Commonwealth of Pennsylvania.

5.      Venue is appropriate in Philadelphia County, as Defendant, Virginia Transportation Corporation, regularly conducts business in Philadelphia County at various locations throughout the Philadelphia area.

6.      Venue is appropriate in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 2179 and/or Pennsylvania Rule of Civil Procedure 1006(f)(1).

7.      Defendant, Virginia Transportation Corporation, is also subject to the general personal jurisdiction of Philadelphia County, as its activities in said county are continuous and substantial pursuant to 42 Pa.C.S.A. 5301, as they have multiple business dealings within Philadelphia County where Defendant, Virginia Transportation Corporation, actively and regularly conducts business in Philadelphia County, Pennsylvania.

8.      At all times material and relevant to this complaint, said defendant owner did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

9.      March 2, 2018, at or around 4:30pm, Plaintiff was driving westbound on the Pennsylvania Turnpike, I 76, at or around mile post 135, in the left lane, in the County of Bedford, Commonwealth of Pennsylvania.

10.     At the aforesaid place and time, Defendant Driver was operating a commercial truck in the right lane when Defendant Driver attempted to switch lanes. As a result of Defendant

Driver's attempted lane switch, the Plaintiff had to swerve out of the way to avoid a collision. Plaintiff then struck the median and ricocheted into Defendant Driver's truck.

11.   As a direct result of the aforementioned accident, Plaintiff was caused to sustain serious and permanent injuries as more fully described *infra*.

12.   The aforesaid motor vehicle collision was a direct result of the negligence and carelessness of Defendants, by and through its employee(s) and/or agent(s), and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff, Ebony White.

## COUNT ONE – NEGLIGENCE
## EBONY WHITE v. DALE HARSHBARGER

13.   Plaintiff, Ebony White, incorporates herein, by reference paragraphs one (1) through twelve (12) inclusive, as though same were set forth herein at length.

14.   The negligence and carelessness of Defendant Driver, was the direct and proximate cause of the impact described *infra*, with said negligence being more fully described as:

(a)   failing to properly operate their respective motor vehicle;

(b)   failing to maintain a proper and adequate lookout;

(c)   driving at an excessive and unsafe rate of speed under the circumstances;

(d)   operating the motor vehicle in a negligent and careless manner;

(e)   operating the motor vehicle without due regard to the rights, safety, and position of the bus that Plaintiff was a passenger on;

(f)   failing to have their respective motor vehicle under proper control so as to prevent Defendant's motor vehicle from striking the bus that Plaintiff was a passenger on;

(g)   failing to use due care under the circumstances;

(h)   failing to take evasive action in order to avoid impacting with the bus that Plaintiff was a passenger on;

(i)     violating the relevant ordinances and the Statutes of the Commonwealth of
        Pennsylvania governing the operation of motor vehicles;

(j)     acts constituting negligence *per se*;

(k)     failing to maintain an assured clear distance;

(l)     failing to yield the right of way;

(m)     failing to properly merge lanes; and

(n)     failing to apply brakes in a timely fashion.

15.     As a direct cause of the impact and negligence described herein, Plaintiff suffered
serious and permanent losses of body functions, including but not limited to injuries to the head,
neck and back and other various ills and/or injuries.

16.     As a further result of Defendant Driver's negligence and/or careless acts, Plaintiff
has been obligated to receive and undergo reasonable and necessary medical treatment and
rehabilitative services for the injuries she has suffered, and to incur various expenses for said
treatment and services, and she may incur various reasonable and necessary future medical
expenses from the injuries sustained, and Defendant Driver is liable.

17.     As a further result of Defendant Driver's negligence, Plaintiff has or may suffer
severe actual loss of her gross income.

18.     As a further result of Defendant Driver's negligence, Plaintiff has or may suffer
impairment of her earning capacity and power.

19.     As a further result of Defendant Driver's negligence, Plaintiff has suffered
physical pain, aches, mental anguish, and humiliation, inconveniences and loss of life's
pleasures, and she may continue to suffer same for an indefinite time in the future.

20.     As a direct result of Defendant Driver's negligence, Plaintiff has been unable to
attend to her daily chores, duties and occupations and may be unable to do so for an indefinite
period of time in the future.

WHEREFORE, Plaintiff, Ebony White, respectfully requests judgment in her favor and against Defendant, Dale Harshbarger in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus interest, costs, and other relief the Court may deem appropriate.

## COUNT TWO – RESPONDENT SUPERIOR
### EBONY WHITE v. VIRGINIA TRANSPORTATION CORPORATION

21.   Plaintiff, Ebony White, incorporates herein, by reference paragraphs one (1) through twenty (20) inclusive, as though same were set forth herein at length.

22.   At all times relevant hereto, the Defendant Driver was operating Defendant Owner's vehicle, was the employee, servant, or otherwise an agent of Defendant Owner, and moreover, at all times relevant hereto, the Defendant Driver operating Defendant Owner's vehicle was acting within the scope of said employment or agency.

WHEREFORE, Plaintiff, Ebony White, demands damages of the Defendants Dale Harshbarger and Virginia Transportation Corporation, in a sum in excess of $50,000.00 plus interest, costs and any other relief which the Court may deem appropriate.

## COUNT THREE – NEGLIGENT ENTRUSTMENT
### EBONY WHITE v. VIRGINIA TRANSPORTATION CORPORATION

23.   Plaintiff, Ebony White, incorporates herein, by reference paragraphs one (1) through twenty-two (22) inclusive, as though same were set forth herein at length.

24.   The negligence and carelessness of Defendant, Virginia Transportation Corporation, consisted of, *inter alia*, the following:

    (a)   negligently entrusting their vehicle to an individual who was not equipped to operate their vehicle safely and/or with due care for others;

    (b)   negligently entrusting their vehicle to an individual who exhibited a disregard for the safety and well-being of others; and

(c)     failing to properly train and/or instruct the driver operating Defendant's
vehicle, in the safe operation and usage of their motor vehicle.

25.     As a direct and proximate cause of the aforesaid negligence of Defendant,
Virginia Transportation Corporation, Plaintiff, suffered damages as more fully described herein.

WHEREFORE, Plaintiff, Ebony White, demands damages of the Defendant, in a sum in
excess of $50,000.00 plus interest, costs and any other relief which the Court may deem
appropriate.

Respectfully submitted,

J. FINE LAW GROUP, P.C.

BY:     _____/s/_____
DAVID M. BERCOVITCH, ESQUIRE
Attorney for Plaintiff

<u>VERIFICATION PURSUANT TO PA. R.C.P. 1024(c)</u>

I, David M. Bercovitch, Esq., VERIFY that the averments of fact contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief, based upon information provided to me by plaintiff, who is outside the jurisdiction and whose verification cannot be obtained within the time allowed for filing. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

J. FINE LAW GROUP, PC

BY: _____/s/_____

DAVID M. BERCOVITCH, ESQUIRE



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EBONY WHITE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DALE HARSHBARGER | : | NO. |
| | : | |
| and | : | |
| | : | |
| VIRGINIA TRANSPORTATION | : | |
| CORPORATION | : | |

### NOTICE

TO:   Jason E. Fine, Esquire
David M. Bercovitch, Esquire
J. Fine Law Group, P.C.
Eight Penn Center
1628 John F. Kennedy Boulevard
Suite 2120
Philadelphia, PA 19103

Please take notice that defendants Dale Harshbarger and Virginia Transportation

Corporation have filed a Notice in the United States District Court for the Eastern District of

Pennsylvania for removal of the civil action now pending in the Court of Common Pleas of

Philadelphia County, Pennsylvania, entitled White v. Harshbarger et al., Philadelphia County

Court of Common Pleas, May Term 2019, No. 9167, a copy of which is attached hereto.

BILLET & ASSOCIATES, LLC

By:_____
ROBERT DOUGLAS BILLET, ESQUIRE
STACY L. GREENBERG, ESQUIRE
Attorneys for defendants Dale Harshbarger
and Virginia Transportation Corporation



BILLET & ASSOCIATES, LLC
Robert Douglas Billet, Esquire
Stacy L. Greenberg, Esquire
Attorney I.D. 38430/208515
2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com
sgreenberg@billetlaw.com

Attorneys for defendants Dale Harshbarger
and Virginia Transportation Corporation

| | |
|---|---|
| EBONY WHITE                              : | COURT OF COMMON PLEAS |
|                                          : | PHILADELPHIA COUNTY |
|                      v.                  : | |
|                                          : | MAY TERM 2019 |
| DALE HARSHBARGER                         : | NO. 009167 |
|                                          : | |
|                    and                   : | |
|                                          : | |
| VIRGINIA TRANSPORTATION                  : | |
| CORPORATION                              : | CIVIL ACTION |

## PRAECIPE FOR FILING NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TO THE PROTHONOTARY:

Defendants Dale Harshbarger and Virginia Transportation Corporation, hereby give

notice that on June 26, 2019, they filed a Notice of Removal (copy attached) in the United States

District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441.

BILLET & ASSOCIATES, LLC

By: _____
ROBERT DOUGLAS BILLET, ESQUIRE
STACY L. GREENBERG, ESQUIRE
Attorneys for defendants Dale Harshbarger
and Virginia Transportation Corporation

BILLET & ASSOCIATES, LLC
Robert Douglas Billet, Esquire
Stacy L. Greenberg, Esquire
Attorney I.D. 38430/208515
2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com
sgreenberg@billetlaw.com

Attorneys for defendants Dale Harshbarger
and Virginia Transportation Corporation

| | | |
|---|---|---|
| EBONY WHITE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | MAY TERM 2019 |
| DALE HARSHBARGER | : | NO. 009167 |
| | : | |
| and | : | |
| | : | |
| VIRGINIA TRANSPORTATION | : | |
| CORPORATION | : | CIVIL ACTION |

## CERTIFICATIONS

### CERTIFICATION - PUBLIC ACCESS POLICY

    I, Stacy L. Greenberg, Esquire, certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### CERTIFICATE OF SERVICE

    I, Stacy L. Greenberg, Esquire, hereby certify that a true and correct copy of the Praecipe for Notice of Removal, was served upon plaintiff's counsel via e-mail and regular first class mail, postage pre-paid on June 26, 2019.

                        BILLET & ASSOCIATES, LLC

                        By:  _____
                             ROBERT DOUGLAS BILLET, ESQUIRE
                             STACY L. GREENBERG, ESQUIRE
                             Attorneys for defendants Dale Harshbarger
                             and Virginia Transportation Corporation